Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000353
31-MAY-2018
12:48 PM

NO. CAAP-17-0000353

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RACHEL A. SCHACK, Petitioner-Appellee, v.
MARK-ALEX V. KASSEBEER, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 17-1-0481)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Leonard, J.;
and Ginoza, Chief Judge, concurring and dissenting)

Respondent-Appellant Mark-Alex V. Kassebeer (**Kassebeer**) appeals from an April 3, 2017 Order for Protection (**Order**), issued by the Family Court of the First Circuit (**Family Court**).[1] The Order prohibits Kassebeer from, among other things, contacting his ex-girlfriend, Petitioner-Appellee Rachel A. Schack (**Schack**), for one year from the date of the Order.

Kassebeer contends that the Family Court's conclusion that he committed "domestic abuse" was based on insufficient evidence. We disagree. Schack testified that when she tried to

---

[1] The Honorable Steven M. Nakashima presided.

intervene after Kassebeer put her boyfriend (**Boyfriend**) in a headlock and slammed his head into the door frame, Kassebeer shoved her into a wall. The evidence was sufficient to show that Kassebeer's actions constituted "domestic abuse" as defined in Hawaii Revised Statutes (**HRS**) § 586-1 (2006), which includes "[p]hysical harm, bodily injury, assault or the threat of imminent physical harm, bodily injury, or assault. . . between family or household members." See also HRS § 586-3(c) (2006); Kie v. McMahel, 91 Hawai'i 438, 442, 444, 984 P.2d 1264, 1268, 1270 (App. 1999); and Coyle v. Compton, 85 Hawai'i 197, 203, 940 P.2d 404, 410 (App. 1997).

However, we agree with Kassebeer's further assertion that the Family Court erred when it concluded that the Order was necessary to prevent a recurrence of abuse. There was no evidence of any abuse prior to or after the incident. Further, no evidence was adduced to show that Kassebeer knew or should have known, prior to going to Schack's apartment, that he was unwelcome there. Schack testified that she had tried, off and on since Kassebeer moved out, to have Kassebeer "come pick [his poster] up." It is undisputed that the parties were on good terms until the day of the incident, when Schack sensed Kassebeer was upset because she contacted his grandmother to ask if she could take the poster to the grandmother's house. When Kassebeer called to say he would pick up the poster, she told him not to, but when he said he was already on his way, she replied, "Okay, fine." She did not specifically tell him not to go to her apartment until he was already at her door.

Next, Schack testified that the building usually was secure, but Kassebeer was able to enter freely on that day because the lobby door had been propped open to allow for construction work. No evidence was adduced that the construction was ongoing or that the door would be left open in the future for some other reason.

Last, the only reason Kassebeer visited the apartment was to retrieve his belongings, which were returned to him. There is no evidence showing Kassebeer had any motivation or inclination to return, such as to retrieve additional personal items. It is undisputed that Kassebeer harbored no ill will toward Boyfriend, who had moved into the apartment after he left. There is no evidence that the parties contacted each other or that Schack contacted Kassebeer's grandmother after the incident.

There is no evidence in the record, and no reasonable inferences could be drawn from the evidence, to support a conclusion that the incident was anything other than an isolated event. Accordingly, we conclude that the Family Court erred when it found that the Order was necessary to prevent a reoccurrence of abuse. See HRS § 586-5.5(a) (2006). See also Peck v. Kuiper, No. CAAP-11-0000806, 2013 WL 966956 (App. Mar. 12, 2013) (sdo); Cf. Lite v. McClure, No. 29107, 2009 WL 1263099 (App. May 8, 2009) (sdo); and Levi v. Gordon, No. CAAP-13-0001076, 2015 WL 4549742 (App. Jul. 28, 2015) (sdo). Thus, the court abused its discretion by granting the Petition.

For these reasons, the Family Court's April 3, 2017 Order for Protection is reversed.

DATED: Honolulu, Hawai'i, May 31, 2018.

On the briefs:

Alen M. Kaneshiro,
for Respondent-Appellant.

Presiding Judge

Associate Judge